1
2
3
4
5
6
7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  J.G., a minor, by and through his mother and Guardian Ad Litem, BRIDGETT M. MCCULLOUGH, J.L., a minor, by and through his Guardian Ad Litem, ANTOINETTE EDMONDS, and EZELL ANDERSON, JR. d/b/a Mom's Choice Meats, and Put Meat On The Table (PMOTT),<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; TOM VILSACK, Secretary, United States Department of Agriculture; KEVIN CONCANNO, Undersecretary for Food, Nutrition and Consumer Services, United States Department of Agriculture; JOCELYN KEH, Section Chief, Supplemental Nutrition Assistance Program, Food and Nutrition Service, United States Department of Agriculture, and their successors in office,<br><br>Defendants. | No. 2:16-cv-1476-KJM-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |

25
26  /////
27  /////
28  /////

Ezell Anderson, one of the named plaintiffs in this action, moves for a temporary restraining order. ECF No. 4.[1] For the following reasons, it is recommended that the motion be denied.

A.     Legal Standard

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). "The standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1964). Such an order represents the exercise of a far reaching power that should not be used unless the circumstances clearly warrant it. *Dymo Indus. V. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).

To establish the need for preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). In the Ninth Circuit, courts employ a "sliding scale" approach to analyzing requests for preliminary injunctions. *Alliance for the Wild Rockies*

---

[1] This case, in which plaintiff Anderson is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

*v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). Under that approach, courts balance the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another. *Id*. The Ninth Circuit has held that this approach continued to be valid after *Winters*. *Id*. Thus, "'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*.

A preliminary injunction can be either prohibitory or mandatory. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009). A prohibitory injunction prohibits a party from taking action and thereby preserves the status quo pending a determination on the merits of the case. *Id*. A mandatory injunction, on the other hand, requires a party to take action and thus "goes well beyond simply maintaining the status quo pendente lite." *Id*. at 879 (internal quotation marks omitted). Mandatory injunctions are "particularly disfavored" and may not be granted "unless extreme or very serious damage will result." *Id*. Further, a court should not enter a mandatory injunction in doubtful cases or where the injury complained of is compensable by monetary damages. *Id*.

B.      Discussion

Anderson seeks to restrain enforcement of a decision by the United States Department of Agriculture, Food and Nutrition Assistance Program, permanently disqualifying his business, Mom's Choice Meats, from participation in the Supplemental Nutrition Assistance Program ("SNAP")[2] based on a finding that Mom's Choice Meats was trafficking in food stamp benefits and has failed to establish and implement an effective compliance policy and program to prevent such violations.[3] ECF No. 4.; *see* ECF No. 1 at 113-114 (Ex. O). He alleges in his complaint that plaintiffs J.G. and J.L are members of a family receiving assistance through SNAP and that they are being harmed by the exclusion of Anderson from participation in the program. ECF No. 1 at

---

[2] SNAP was established under the Food Stamp Act and is operated by the Food & Nutrition Service (FNS) of the United States Department of Agriculture. 7 U.S.C. §§ 2011-2036.

[3] Anderson is the owner of Mom's Choice Meats, which was authorized to participate in the Supplemental Nutrition Assistance Program as a meat specialty store. ECF No. 1 at 8, 63.

4. He asserts that through his store he has created a program entitled Put Meat on the Table ("PMOTT"). *Id*. at 2, 65. As he explains it, the purpose of his PMOTT program is to provide a way for SNAP participants who had exhausted their monthly benefits to still be able to purchase meat prior to receiving their next benefit distribution. *Id*. at 1, 55-57 (Ex. A).

Anderson alleges that his PMOTT's services are critical to the minor plaintiffs, "but because of Defendants' unprecedented, and unlawful, action against Mom's Choice, PMOTT services ceased being delivered and available effective, September 10, 2014." *Id.* at 5. On that date, Mom's Choice Meat was permanently disqualified from participating in SNAP based on a charge of trafficking (exchanging cash for food stamp benefits). *Id*. at 13. Anderson argues that the government should have known that the disqualification "would bring the permanent end to PMOTT's monthly relief to Plaintiffs Children's household, but made no effort to notify Plaintiffs Children's household of the impending calamity." *Id*.

Although the complaint references a variety of claims,[4] his motion for a temporary restraining order is focused primarily on his due process claim. He argues that his due process rights were violated because SNAP's statutory and regulatory framework do not permit a stay of the decision to permanently disqualify his participation in SNAP pending judicial review. ECF No. 4 at 15. Anderson now seeks an injunction staying the decision to disqualify his participation in SNAP pending this litigation.

Anderson previously raised this argument in a prior motion for a temporary restraining order he filed in a separate case that is pending before this court. *See Anderson v. United States of America*, 2:14-cv-2307-JAM-CKD-PS, ECF No. 2 at 2. As Anderson was previously informed by the decision entered in that case, his argument is foreclosed by the U.S. Court of Appeals for the Ninth Circuit's holding in *Kim v. United States*, 121 F.3d 1269 (9th Cir. 1997). *See Anderson*, 2:14-cv-2307-JAM-CKD-PA, ECF No. 10. In *Kim*, the Ninth Circuit rejected the plaintiff's contention that the USDA violated his due process rights by permanently disqualifying

---

[4] Andersons' complaint purports to allege the following claims: (1) violation of plaintiffs' due process; (2) intentional infliction of emotional distress; (3) "arbitrary and capricious"; (4) corruption; (5) discrimination – Race and Color; (6) and "irreparable injuries." *Id*. at 23-45.

him from participation in the food stamp program following a charge of trafficking. 121 F.3d at 1274. The court explained that "[a] trial de novo, in which the existence of a violation is examined afresh, and the parties are not limited in their arguments to the contents of the administrative record, satisfies the strictures of procedural due process." *Id*. Thus, Ninth Circuit precedent is dispositive of Anderson's due process contention here and he fails to show a likelihood of success on the merits.

Moreover, Anderson is unlikely to succeed on any of his other claims. All of his claims are predicated on his contention that the government wrongfully disqualified his participation in SNAP, which is precisely the challenge he advances in *Anderson v. United States of America*, 2:14-cv-2307-JAM-CKD-PS. In that case, Magistrate Judge Delaney recommended that summary judgment be granted in the government's favor, finding no genuine dispute that permanent disqualification was appropriate.[5] In doing so she relied on the Ninth Circuit's ruling in *Kim*, which is also controlling here. *See Kim*, 121 F.3d at 1274 (finding that a store owner could be "permanently disqualified from the food stamp program when, unknown to him, one of his employees trafficked in food stamps."). Thus, Anderson is unlikely to succeed on the merits of this case.

Accordingly, it is hereby RECOMMENDED that Anderson's motion for a temporary restraining order be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

/////

---

[5] Those findings and recommendation are pending before Judge Mendez.

5

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 21, 2016.

    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE