UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. G., a minor, by and through his Guardian Ad Litem, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | No. 2:16-cv-1476 JAM CKD PS <br><br> FINDINGS AND RECOMMENDATIONS |

Before this court is defendant's motion to dismiss (ECF No. 20), which was heard on June 14, 2017. At the hearing, plaintiff Ezell Anderson, Jr. represented himself, and Assistant United States Attorney Alyson A. Berg represented the defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel and plaintiff, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.     Relevant Background

Ezell Anderson, Jr. is the only remaining plaintiff in this action.[1] Effective September 10, 2014, the United States Department of Agriculture ("USDA") permanently disqualified plaintiff's

---

[1] Minor plaintiffs, J.G. and J.L. have been dismissed (see ECF No. 27) and plaintiffs Bridgette McCullough and Antoinette Edmonds were only included as the guardians of the minor plaintiffs and do not bring claims on their own behalf.  (See ECF No. 1 at 1–3.)

1

business, Mom's Choice Meats, from the Supplemental Nutrition Assistance Program ("SNAP") based on a charge of benefits trafficking.  (ECF No. 1 at 13–14.)

In October 2014, plaintiff challenged his disqualification from SNAP in a complaint filed in the United States District Court, Eastern District of California.  (Ezell Anderson, Jr. v. United States of America, 2:14-cv-2307-JAM-CKD, ECF No. 1.)  In the prior action, plaintiff sought de novo review of agency findings that he had violated SNAP, alleging that the agency's decision was arbitrary and capricious.  (Anderson, ECF No. 14.)  On January 5, 2017, Judge John A. Mendez granted summary judgment for the United States and the case was closed.  (Anderson, ECF No. 94.)  Subsequently, plaintiff appealed Judge Mendez's order.  (Anderson, 9th Cir. Appeal No. 17-15403.) The Ninth Circuit appeal is still pending.

On June 26, 2016, plaintiff filed his complaint in this case, alleging various causes of action arising out of the USDA's disqualification of Mom's Choice Meats:  (1) violation of due process; (2) intentional infliction of emotional distress; (3) arbitrary and capricious agency action; (4) corruption; (5) racial discrimination; and (6) irreparable injuries. (ECF No. 1 at 23–36.)  On April 27, 2017, defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 20.)  Plaintiff opposed the motion, and defendant replied.  (ECF Nos. 22, 23.)

II.     Defendant's Motion to Dismiss

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

Defendant moves to dismiss plaintiff's complaint, asserting that his claims are barred by res judicata and collateral estoppel.[2] "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir.1997). "The central criterion in determining whether there is an identity

---

[2] Defendant also argues that plaintiff failed to exhaust his administrative remedies and failed to state cognizable claims, as a matter of law. (ECF No. 20 at 4.) The undersigned does not reach the merits of these additional arguments, as plaintiff's claims are barred by res judicata.

of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000) (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir.1982)).

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Dodd v. Hood River Cty., 59 F.3d 852, 863 (9th Cir. 1995) (citations omitted). Collateral estoppel, also known as issue preclusion, "applies only where it is established that (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000) (citations omitted).

For both theories, there must be privity between the parties and a final judgment on the merits; in this case both prongs are satisfied. First, in both Anderson and the present matter, Ezell Anderson, Jr. is the plaintiff, and the United States of America, Kevin Concannon, and Jocelyn Keb are named defendants. Therefore, there is privity among the parties.[3] Second, Judge Mendez's January 5, 2017 order in Anderson granted summary judgment against plaintiff, adopting the magistrate judge's finding that plaintiff "fail[ed] to demonstrate a material dispute of fact regarding the existence of the trafficking by plaintiff's personnel, for which plaintiff was permanently disqualified from [SNAP]." (Anderson ECF No. 94, adopting ECF No. 76 at 5.) Therefore, there was a final judgment on the merits.[4]

---

[3] In the present action, plaintiff also names Tom Vilack, the Secretary of the USDA, as a defendant. (ECF No. 1 at 1.) However, plaintiff's complaints are against the USDA and Mr. Vilack is only named in his official capacity. (See ECF No 1.) Further, Kevin Concannon, the Under Secretary for Food, Nutrition and Consumer Services within the USDA is also named in both actions, in his official capacity. As plaintiff brought both actions against the United States, for which Mr. Vilack is an agent, there is privity among the parties in this action and Anderson.

[4] While plaintiff has appealed Anderson, the order remains a final judgment on the merits during the pendency of his appeal. See Tripati v. Henman, 857 F.2d 1366, 1367 (9th Cir. 1988) ("a final judgment retains all of its res judicata consequences pending decision of the appeal").

Collateral estoppel only bars the exact issue from being relitigated, whereas res judicata bars litigation of any claim arising out of the "same transactional nucleus of facts" as the previous action. Frank, 216 F.3d at 851. This applies to any claim that could have been brought in the original action. Id. All of plaintiff's claims in this case challenge his disqualification from SNAP, an issue that was litigated in Anderson. (See ECF No. 1 at 24 ("The SNAP statutory and regulatory scheme has deprived Anderson and Mom's Choice of its property without due process of law."), at 27 ("The USDA's conduct cannot escape being seen as extreme and outrageous when taking into account the adverse impact, and enormity in suffering caused by one calculated decision to reject Anderson's 'Suggestion' application.), at 30 ("the USDA's actions in this entire matter has been *abuse of authority* and *continuous outrageous conduct* which is most evident where it blatantly defied its own Food Stamp Regulation criteria for the imposition of a civil money penalty (CMP), which it applied to Mom's choice in an arbitrary and capricious manner."), at 32–33 ("The USDA's unlawful charge against Mom's Choice . . . has worked to shackle Plaintiffs Children to this illicit doings [sic], which demonstrates a total disconnect that rises beyond shocking to the conscious [sic]."), at 34 (". . . because of Anderson's race and color along with other reasons the USDA unlawfully charge him with 'trafficking'. . ."), at 36 ("Mom's Choice will go out of business within one month unless this Court enjoins the USDA's disqualification.").)

Because each claim plaintiff brings in this matter arises out of the nucleus of facts surrounding his disqualification from SNAP, he could have raised each of these claims in Anderson. Therefore, since plaintiff's first challenge to his SNAP disqualification was decided in a final decision on the merits in Anderson, his claims in the present matter are barred by res judicata. Furthermore, an amended complaint could not cure the defects here, as *any* claims arising out of plaintiff's disqualification from SNAP would be similarly barred by the judgment in Anderson.

III. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 20) be GRANTED and plaintiff's complaint

        be DISMISSED WITHOUT LEAVE TO AMEND;

    2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 13, 2017

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE